UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE SOTO and REINIER RAVESTEIJN,

        Plaintiffs,

  v.                                                                            Case No. 07-C-75

PETER ERICKSON, et al.,

        Defendants.

**ORDER**

Robert Ciarpaglini moves under Rule 60 for relief from this court's order dismissing his claims. He states that the settlement agreement giving rise to this court's dismissal was "discharged" in bankruptcy and therefore was unenforceable as a defense against the claims he brought in this lawsuit. Ciarpaglini's arguments to the contrary, I fail to see how one's own agreement to release and / or not sue the state would be the sort of "claim" that could be discharged in bankruptcy. Under 11 U.S.C. § 101(5), a "claim" is defined as

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Ciarpaglini's settlement agreement manifested his *own* "right to payment," not the right of someone else that Ciarpaglini could discharge through bankruptcy. Thus, if Ciarpaglini *owed* money under the settlement agreement, he might have obtained a discharge of that obligation. But

his own obligations under the settlement agreement do not somehow get discharged, or else a debtor would earn not only a discharge of his debts but a discharge of any obligations he had made in order to *receive* money from other parties. That would make no sense.

Regardless, even were Ciarpaglini correct, the relief he seeks would be denied. His supposed legal ignorance (in stark contrast to his other repeated assertions of great legal skill) does not present a basis for countenancing the form of piecemeal argument he engages in. Just as with his earlier defense to the defendants' summary judgment motion, his current efforts evidence a misguided effort to raise a series of varied arguments by way of numerous letters, motions and briefs, all staggered over the course of weeks and months. Even *pro se* litigants must follow the Federal Rules of Civil Procedure, and I conclude there is no basis to review evidence not presented to the court at the summary judgment stage. *See* Fed. R. Civ. P. 56. The motion for relief is therefore **DENIED**.

**SO ORDERED** this   26th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge