UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE SOTO,

    Plaintiff,

v.                                    Case No. 07-C-75

PETER ERICKSON, et al.,

    Defendants.

**ORDER**

In the space of two weeks, plaintiff Soto has filed several motions: (1) a motion to amend the complaint, (2) a motion to compel, (3) a motion to compel / motion for sanctions, (4) a motion to stay, (5) a motion to compel answers to interrogatories, and (6) a motion to allow a notary public to conduct depositions.

The motion to file a second amended complaint will be denied. Soto suggests that by eliminating all of the baggage left over from the original complaint, the amendment would make the case easier on the defendants and this court. Yet this court already allowed an amendment to the complaint and went to some effort to clarify exactly what claims remained. As I noted in my May 11 order, "Defendants may limit their response to the amended complaint to these paragraphs." (May 11, 2007 Order at 8.) Thus, defendants were entitled to rely on that complaint and they now state they are close to filing a dispositive motion based on the allegations contained therein. There is thus no persuasive reason to allow a further amendment at this time. The motion for a stay is also denied for the same reasons.

Similarly, the motions to compel and for sanctions will be denied. It is difficult without much context to conclude that the information Soto seeks is relevant to his claims. It seems instead that his claims are based on facts to which he was a percipient witness and that his attempts to investigate other allegations or issues within the prison are not squarely on point. If briefing on summary judgment shows that Soto has unfairly been deprived of relevant evidence, however, that may present a basis for denial of summary judgment.

The motion to compel interrogatory responses and for leave to file more than 25 interrogatories will be denied as well. It seems much of the desire to file more interrogatories stems from the additional discovery that would be required if the second amended complaint were allowed, a concern now mooted. Moreover, the plaintiff's claim of legal ignorance does not warrant additional discovery.

Finally, the motion to conduct depositions through a notary public will be denied. The discovery cutoff date in this case was September 15, and motions are due October 15. There is thus no reason to allow further discovery.

In sum, all pending motions are **DENIED**.

**SO ORDERED** this   3rd   day of October, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
